**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT of TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES of AMERICA,** | § | |
| | § | |
| **Plaintiff-Respondent** | § | **Civil Action** |
| | § | **No. SA-14-CA-1049-XR** |
| **v.** | § | |
| | § | **Criminal Case** |
| **TRAVIS ALAN BARR,** | § | **No. SA-13-CR-238-XR** |
| | § | |
| **Defendant-Movant** | § | |

# O R D E R

On this date the Court considered Defendant Travis Alan Barr's 28 U.S.C. § 2255 Motion to Vacate Federal Sentence (docket no. 37).

Defendant Barr pleaded guilty to distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and was sentenced to twelve years. Barr's § 2255 Motion contends: his counsel led him to believe he would receive a sentence of five years or less if he pleaded guilty; and the prosecutor sought a harsh sentence and this District Judge imposed a harsh sentence to "show [they] were tough on crime" and to "make an example of [him]." Docket no. 37 at 5-6.

This Court entered an Order on December 12, 2014 (docket no. 38) noting that Barr's allegations were defied by his Plea Agreement and the record, and directed Defendant to show cause why his § 2255 Motion should not be denied by January 26, 2015. Barr was warned his Motion would be dismissed pursuant to FED. R. CIV. P. 41(b) for failure to prosecute if he failed to respond. Barr has not responded to this Court's Order.

Rule 2 of the Rules Governing § 2255 Proceedings requires that the motion set forth the grounds for relief and "shall set forth in summary form the facts supporting each of the grounds."

"[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue" in a § 2255 proceeding. *See U.S. v. Woods*, 870 F.2d 285, 287 (5th Cir. 1989).

Barr's claims are defied by the record. In the Plea Agreement signed by Barr and his counsel, and at the guilty plea hearing, Barr acknowledged he wished to plead guilty to distribution of child pornography in violation of § 2252(a)(2). Docket no. 23. Defendant acknowledged he understood the applicable penalty was a mandatory minimum sentence of five years and a maximum term of twenty years, and a maximum supervised release term of life. *Id.* at 2. Barr admitted on September 8, 2012, he used his home computer in New Braunfels, Texas, to distribute to other individuals via the internet using file sharing software visual depictions of minors engaged in sexually explicit conduct, in violation of § 2252(a)(2). *Id*. at 3. Defendant affirmed he understood his sentence would be determined by the Court in accordance with the Sentencing Guidelines, any projection or estimate of a sentence by his counsel was not binding, and no one promised him what sentence he would receive. *Id*. at 1. Barr also acknowledged by pleading guilty he waived his right to appeal his sentence or challenge his sentence in a § 2255 motion. *Id*. at 4. In exchange for Defendant's guilty plea, the Government agreed to dismiss other counts of the indictment and not to oppose a reduction of the offense-level Guideline range for Defendant's acceptance of responsibility.

This Court found Barr was competent, understood the nature of the charge and penalty, understood his constitutional and statutory rights and wished to waive them, there was a factual basis for the plea, and his plea was knowing and voluntary. This Court sentenced Defendant in accordance with the Plea Agreement to 144 months. Docket no. 34.

The Plea Agreement executed by Barr and his sworn representations at the guilty plea hearing are prima facie proof of the matters recited therein; they show his guilty plea was knowing

and voluntary; they defy the allegations of his § 2255 Motion; and his conclusory allegations are insufficient to overcome the strong presumption that his plea is valid. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986). A valid plea waives all pre-conviction non-jurisdictional defects. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Because the record shows Defendant's plea was voluntary, his other claims were waived pursuant to his guilty plea. In any event, Barr's challenge to his sentence is without merit because "a sentence within a properly calculated Guideline range is presumptively reasonable," *U.S. v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006), and Barr's conclusory allegations fail to overcome this presumption.

Rule 4(b) of the Rules Governing § 2255 Proceedings states "[i]f it plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." Barr is not entitled to relief or a hearing on his § 2255 Motion because "it plainly appears from the face of the motion" his conclusory claims do not warrant § 2255 relief. Furthermore, Barr's allegations are also refuted by the record, and a movant is not entitled to relief or a hearing in a § 2255 case where his claims are refuted by the record. *See U.S. v. Tubwell*, 37 F.3d 175, 179 (5th Cir. 1994).

Moreover, Barr's § 2255 Motion shall also be dismissed pursuant to FED. R. CIV. P. 41(b) for failure to prosecute for failing to respond to this Court's Show Cause Order. *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997).

Accordingly, Defendant Barr's § 2255 Motion to Vacate Federal Sentence (docket no. 37) is **DENIED** and **DISMISSED WITH PREJUDICE** because his claims are conclusory and defied by the record, and is also **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) for failure to prosecute and comply with this Court's Order. All other pending motions are

**DENIED** as moot. Defendant failed to make "a substantial showing of the denial of a federal right" or a substantial showing this Court's procedural rulings are incorrect as required by FED. R. APP. P. 22, *see Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000), and therefore this Court **DENIES** Defendant a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2255 Proceedings.

**SIGNED this 2nd day of February, 2015.**

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE